# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-207- |
| | § | SDJ-KPJ |
| KEVIN LOPEZ LEON (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Kevin Lopez Leon's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on January 12, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Stevan Buys.

Defendant was sentenced on May 24, 2022, before The Honorable Sean D. Jordan of the Eastern District of Texas after pleading guilty to the offense of Reentry of a Deported Alien, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of III, was 10 to 16 months. Defendant was subsequently sentenced to 16 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include deportation, financial disclosure, GED requirement, and a $100 special assessment. On September 22, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

On October 12, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 40, Sealed]. The Petition asserts that

REPORT AND RECOMMENDATION – Page 1

Defendant violated one (1) condition of supervision, as follows: (1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame [Dkt. 40 at 1, Sealed].

The Petition alleges that Defendant committed the following acts: (1) Defendant was released from custody on September 22, 2022, to begin his term of supervised release. However, Defendant failed to contact or report to the U.S. Probation Office and attempts to contact him have been unsuccessful [Dkt. 40 at 1, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 47; 48].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of five (5) months, with thirty (30) months of supervised release to follow.

The Court further recommends imposition or reimposition of the following special conditions: (1) As a condition of supervised release, immediately upon release from confinement, you must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq.; (2) If ordered deported, you must remain outside of the United States. In

the event you are not deported, or for any reason re-enter the country after having been deported, you must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country; (3) You must provide the probation officer with access to any requested financial information for purposes of monitoring your sources of income; and (4) You must acquire a high school equivalency certificate.

    The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

    **SIGNED this 20th day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE